GEORGE H. MILLER, TRADING AS THE GEORGE H. MILLER CO., PLAINTIFF-APPELLANT, v. WINSTON PAUL AND ROCKCLIFFE REALTY CORPORATION, A NEW JERSEY CORPORATION, JOINTLY, SEVERALLY, OR IN THE ALTERNATIVE, DEFENDANTS-APPELLEES.

Submitted January 19, 1943—Decided June 16, 1943.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PORTER.

For the plaintiff-appellant, *Samuel Rosenblatt (Joseph J. Corn,* of counsel).

For the defendants-appellees, *Brunetto & Welsh.*

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. From a judgment entered for both defendants in the Essex County Circuit Court the plaintiff appeals. The case was tried by the court without a jury; and considered on stipulated facts, supplemented by the testimony of certain witnesses. The plaintiff claimed to be entitled to commissions for procuring a mortgage. It appears without dispute that he was authorized to negotiate a mortgage for the defendant Rockcliffe Realty Corporation by the co-defendant, Winston Paul, the president of the realty corporation. The amount of the mortgage loan needed was $800,000 for which plaintiff was to receive a commission of 2%. It was expressly provided in a letter written to the plaintiff by Paul that the commission "shall be due and payable at the date of the closing of the mortgage and the first payment being made thereunder by the lender." It was further pro-

vided that the plaintiff's authority to act in the matter expired on February 8th, 1940, unless the date was extended, in writing, by the said Paul. The authorization was extended to February 15th. Originally the intending borrower contemplated what is known as a "construction mortgage." Subsequent to the expiration of the extension date the parties continued to meet. It was also understood that if the loan procured was less than the sum of $800,000 commissions on the lesser sum would be adjusted. In any event, it appeared that by the plaintiff's efforts the Mutual Life Insurance Company, under date of March 8th, 1940, manifested its willingness to advance $700,000 on a construction loan, conditioned on the defendant's final plans being submitted to and being approved by the lender. That this condition attached to the intended loan is made abundantly clear from the letters sent by the Mutual Life Insurance Company to the interested parties, principal and agent. The loan was not made, the lender refusing to approve the plans and specifications for the improvement and the negotiations were terminated by the insurance company by written notice. Under these circumstances, it is the plaintiff's contention that it became entitled to commissions because it had produced a ready, willing and able mortgagee and, further, that its right to commission was not conditioned on the mortgage actually being made but that the commitment to advance the mortgage money was sufficient to entitle it to its commission. We do not consider that there is any merit in either contention. A reading of the correspondence between the parties makes it clear beyond question that the commitment to make the mortgage loan was expressly conditioned upon the intending lender's approval of the final plans and specifications of the building to be constructed; and, second, it is equally clear that the authorization to the plaintiff to obtain this mortgage provided that the commission would be due and payable at the date of the "closing of the mortgage and the first payment being made thereunder by the lender." The court also held that so far as the claim against Paul was concerned, it was evidence that Mr. Paul had "contracted on behalf of the corporate defendant * * *" and not personally, and for

this added reason judgment was awarded to the individual defendant, Mr. Paul. There was compelling evidence to support the court's finding on this element of the case. Our conclusion is that on both phases of the matter the court was clearly right.

The judgment will be affirmed, with costs.